## ARNOLD HOFFMAN & CO., Inc., v. MATHIESON ALKALI WORKS.

(District Court, D. Rhode Island. December 2, 1920.)

Action ☜69—Federal courts will not stay action because of pendency of action in state court, where full relief can be given.

An action in a federal court, which first acquired jurisdiction will not be stayed to await determination of an action in a state court between the same parties and involving the same matters, where the federal court has power to grant full and complete relief.

At Law. Action by Arnold Hoffman & Co., Incorporated, against the Mathieson Alkali Works. On defendant's motion for stay. Denied.

Edwards & Angell, of Providence, R. I., for plaintiff.

Huddy, Emerson & Moulton, of Providence, R. I., and Rushmore, Bisbee & Stern, of New York City, for defendant.

BROWN, District Judge. The plaintiff, having placed this action at law on the calendar for jury trial, the defendant not contesting the jurisdiction of this court, moves for a stay on the ground that there is pending in the Supreme Court of the state of New York, county of New York, a suit between the same parties, which involves every question raised by the pleadings in this action, as well as other questions, and in which it is said fuller relief is obtainable than in this action at law.

The plaintiff objects to a stay on the ground that this court has acquired prior jurisdiction, and that the entire controversy can be determined in this court as completely as in the New York state court.

The jurisdiction of this court is broad enough to afford the defendant as complete relief at law and in equity as he may obtain in the state court. This court cannot suspend the exercise of its jurisdiction on the ground of its lack of power to afford full relief. Upon an appeal to its discretion this court must consider not only this action, No. 1383, but also the plaintiff's action, No. 1385. If we find that the plaintiff's two actions at law, with the defendant's legal and equitable pleas therein, comprehend all the matters at issue in the single suit in New York, we can give little weight to the argument that we should suspend the exercise of our jurisdiction in order that there should be a single trial, where all the issues can be decided and full relief afforded to both parties. As a practical matter we must compare the entire subject-matter of litigation pending in each jurisdiction.

The statutes which provide for consolidation of actions at law for trial, and for pleading equitable defenses, seem sufficient to enable the defendant to have in this jurisdiction a single trial, and as complete relief, as it could have in the New York court. It is a mere matter of procedure to obtain in this jurisdiction all affirmative relief that is

properly incident to any matter of equitable defense that may be proven in support of defendant's pleas. If the defendant has any doubt of the sufficiency of its equitable pleas to afford it full relief, it may appeal to the equity powers of this court to give such additional relief as may be necessary.

The motion for a stay is made only in one case, No. 1383. Were it granted, there would still remain in this court another action involving matters in issue in the New York case. If it is necessary to stay No. 1383, it would seem equally necessary to stay No. 1385.

The argument that all these matters should be tried in a single suit is one that properly may be made on a motion for consolidation for trial in this court.

The argument that the defendant has already consolidated them in a single suit in New York does not seem a sufficient reason for requiring the plaintiff to await the decision of that court, or for depriving it of the right to proceed in the court which first acquired jurisdiction, and in which an early trial may be had.

Motion for stay until the termination of litigation between said parties in the state of New York is denied.